FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 2 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSHDY SHEHATA MINA SHEHATA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 08-74797 Agency No. A096-026-666 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2011[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Roshdy Shehata Mina Shehata, a native and citizen of Egypt, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Shehata does not challenge the IJ's dispositive finding that his application for asylum was untimely. Accordingly, Shehata's asylum claim fails.

Even if Shehata was credible, the record does not compel the conclusion that the incident where Muslim men beat him and the incident where the police detained and beat him, even considered cumulatively, amounted to past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006). In addition, even if he was a member of a disfavored group, Shehata has not shown sufficient individualized risk to establish a clear probability of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003); *Wakkary v. Holder*, 558 F.3d 1049, 1066-67 (9th Cir. 2009) ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Further, the record does not compel the conclusion that there is a pattern or practice of persecution of Coptic Christians. *See id.* at 1060-62. Accordingly, Shehata's withholding of removal claim also fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Shehata failed to establish that it is more likely than not he will be tortured

by or with the acquiescence of the Egyptian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

08-74797